ALD-213                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1948
_____

BRADLEY LIVINGSTON,
                                        Appellant

v.

JUDGE ANTHONY GALLINA; PROSECUTOR KELLIE M. REYES; BOROUGH OF
ELMWOOD PARK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:24-cv-8862)
District Judge: Honorable Susan D. Wigenton
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 11, 2025
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed September 18, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Bradley Livingston appeals from the District Court's dismissal of his amended complaint with prejudice. For the following reasons, we will summarily affirm.

I

Livingston filed his original civil complaint in August 2024 arguing that his civil rights and right to be free from false arrest had been violated. Livingston named as Defendants Judge Anthony Gallina; Prosecutor Kellie M. Reyes; and the Borough of Elmwood Park.

The allegations in the original complaint were not altogether clear, but it appeared that Livingston claimed his ex-girlfriend had purportedly wrongly accused him of an illegal lockout, leading to Livingston's arrest. Livingston stated he was then forced to plead guilty to an offense he purportedly did not commit. The District Court sua sponte dismissed the original complaint pursuant to Federal Rule of Civil Procedure 8(a)(2) without prejudice but gave Livingston time to file an amended complaint.

Instead of filing an amended complaint, Livingston filed a motion for summary judgment. The District Court denied that motion. First, the District Court noted that Livingston had not yet filed an amended complaint. Accordingly, there was no operative pleading. Second, the District Court noted that Livingston had failed to effectuate service on any of the Defendants. Third, it clarified that Livingston's claims against Judge

2

Gallina would be barred by judicial immunity. Fourth, it clarified that Livingston's claims against Prosecutor Reyes would be barred by prosecutorial immunity. The District Court then gave Livingston even more time to file an amended complaint.

Livingston next filed a two-page amended complaint along with another motion for summary judgment. The amended complaint stated that there was a delay in decision-making in his underlying criminal case. Thereafter, Defendants Judge Gallina and the Borough of Elmwood Park filed separate motions to dismiss the amended complaint.

In an opinion and order entered on May 9, 2025, the District Court granted Defendants' motions and dismissed the amended complaint with prejudice in its entirety. Livingston then filed this appeal.[1]

The Clerk granted Livingston's motion to proceed in forma pauperis on appeal and notified the parties that this appeal was subject to possible dismissal under 28 U.S.C. § 1915(e)(2) or for possible summary action under 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. Livingston then filed a motion for summary reversal as well as numerous motions to supplement the record and other documents.

II

---

[1] Livingston also filed a motion for reconsideration which the District Court denied. Livingston did not file a new or amended notice of appeal from the District Court's order denying his motion for reconsideration, and the time to do so has expired. Accordingly, we do not have jurisdiction to review that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a District Court's dismissal for failure to state a claim, applying the standard articulated by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007), and reiterated in Ashcroft v. Iqbal, 556 U.S. 662, 677–79 (2009). We accept the facts alleged in Livingston's amended complaint as true and draw all reasonable inferences in his favor. See Simko v. U.S. Steel Corp., 992 F.3d 198, 204 (3d Cir. 2021) (citing Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016)). Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4. Further, we may affirm based on any basis in the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III

We agree with the District Court's dismissal of Livingston's amended complaint. First, the District Court correctly dismissed the claims against Judge Gallina. Livingston had raised claims against Judge Gallina as the presiding Judge in his criminal action.

Judges enjoy absolute immunity from a suit for money damages for judicial acts. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Judges are entitled to judicial immunity as to the performance of judicial acts in the scope of the judge's jurisdiction. See Mireles v. Waco, 502 U.S. 9, 9 (1991). However, absolute judicial immunity from suit may be overcome in only two sets of circumstances: where a judge commits a

4

nonjudicial act, i.e., one not taken in the judge's judicial capacity, and where a judge commits an act, judicial in nature, but in the complete absence of jurisdiction. See id. 11-12 (citations omitted). The amended complaint contained none of these exceptions. The District Court properly dismissed Livingston's claims against Judge Gallina.

Next, the District Court correctly dismissed Livingston's claims against Prosecutor Reyes. "[A] state prosecuting attorney who act[s] within the scope of h[er] duties in initiating and pursuing a criminal prosecution" is not "amenable to suit under 42 U.S.C. § 1983." Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); see also B.S. v. Somerset County, 704 F.3d 250, 269 (3d Cir. 2013).

In dismissing the original complaint, the District Court put Livingston on notice that the prosecutor is entitled to prosecutorial immunity. His two-page amended complaint did not change this. Thus, the District Court's dismissal of Livingston's claims against Prosecutor Reyes to the extent they were raised in the amended complaint was proper.

Finally, the District Court dismissed the amended complaint against the Borough of Elmwood Park. The two-page amended complaint contained no allegations expressly against the Borough.[2] Dismissal was therefore proper.

## IV

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal. Accordingly, we will summarily affirm the judgment. Livingston's outstanding motions are denied.

---

[2] If we were to liberally construe the amended complaint as raising a claim against the Borough under Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658 (1978), dismissal by the District Court would be proper. To properly state a Monell claim against a municipality, a plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was." McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). Livingston never raised a policy or custom related to the Borough and the Borough cannot be liable solely based on a theory of respondeat superior. See Monell, 436 U.S. at 691; see also Losch v. Borough of Parkesburg, Pa., 736 F.2d 903, 911 (3d Cir. 1984) ("A policy cannot ordinarily be inferred from a single instance of illegality").